UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KENNETH MADDEN,**

    Petitioner,

-vs-                                                          Case No.  8:15-cv-825-T-36AEP

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    **Respondent.**
_____/

## ORDER

Petitioner, a federal prisoner incarcerated in a federal penitentiary and proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus ("petition") pursuant to 28 U.S.C. § 2254 challenging state convictions for trafficking in cocaine and possession of drug paraphernalia entered in 2007 by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1), and a memorandum of law in support of the petition (Dkt. 2). The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases, and concludes that the petition is subject to summary dismissal because the Court is without jurisdiction to entertain the petition. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("A federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

## DISCUSSION

In *Green v. Price*, 439 Fed. Appx. 777 (11th Cir. 2011) (unpublished), the Eleventh Circuit Court of Appeals discussed the requirement that a petitioner be "in custody" at the time he files his § 2254 petition:

> A district court has jurisdiction to entertain a § 2254 petition only if the petitioner is "in custody pursuant to the judgment of a State court only on the ground that he is

>in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Generally, if the petitioner's state sentence has fully expired, he does not meet the "in custody" requirement. *Id.* at 492, 109 S. Ct. at 1926. However, when the § 2254 petition can be construed as asserting a challenge to the current state sentence that was enhanced by an allegedly invalid prior state conviction, the petitioner is "in custody" for purposes of federal habeas jurisdiction. *Id.* at 493-94, 109 S. Ct. at 1926-27; *see also Lackawanna Cnty. Dist Att'y v. Coss*, 532 U.S. 394, 399-402, 121 S. Ct. 1567, 1571-73, 149 L. Ed. 2d 608 (2001) (concluding § 2254 petitioner satisfied "in custody" requirement because the earlier state conviction he nominally sought to challenge had been used to calculate his sentencing range for his later state conviction).
>
>Although such a § 2254 petitioner satisfies the "in custody" requirement, the petitioner may not collaterally attack the prior expired state sentence unless the petitioner alleges that the prior state conviction was obtained in violation of his Sixth Amendment right to counsel announced in *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). *Lackawanna*, 532 U.S. at 404, 121 S. Ct. at 1574. Additionally, the § 2254 petitioner seeking relief under the *Lackawanna* exception must satisfy the procedural prerequisites for relief. *Id*.

*Id.* at 781-82.

According to the petition, Petitioner was convicted in state court of trafficking in cocaine and possession of drug paraphernalia and sentenced to 60-months imprisonment on March 19, 2007 (Dkt. 1 at p. 1). And, the Court takes judicial notice of information contained on the Florida Department of Corrections Offender Information Network, July 9, 2015, indicating that Petitioner was released from the Department's custody on February 20, 2010. *See* Fed. R. Evid. 201. Therefore, because Petitioner's sentence expired well before he filed the instant petition in April 2015, he was not 'in custody' under the convictions under attack at the time he filed the instant petition. *See Maleng*, 490 U.S. at 490-91. Accordingly, this Court is without jurisdiction to entertain Petitioner's § 2254 petition. *Id.*

The Court notes that Petitioner does not contend that he is "in custody" for purposes of 28

U.S.C. § 2254 because the state convictions were used to enhance the federal sentence he is currently serving. However, even if he had made this argument, he cannot challenge the convictions under § 2254. It is apparent from the petition and the memorandum that Petitioner was represented by counsel during the state trial court proceedings (see Dkts. 1, 2). Therefore, Petitioner is not entitled to attack his expired state convictions and sentences under the *Gideon* exception articulated in *Lackawanna*. *Green v. Price*, 439 Fed. Appx. at 782. *See also Jackson v. Sec'y for the Dep't of Corr.*, 206 Fed. Appx. 934, 937 (11th Cir. Fla. 2006) (although Jackson "met § 2254's 'in custody' requirement" because "he explicitly alleged that [his expired state] conviction was used to enhance the federal life sentence he was currently serving," "Jackson was not entitled to attack his expired conviction under the *Gideon* exception articulated in. . . *Lackawanna*" because it was "clear that Jackson was represented by counsel during the trial court proceedings related to his prior expired state court conviction and sentence.").

Accordingly, it is **ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DISMISSED** for lack of jurisdiction.

2. The **Clerk** is directed to terminate any pending motions and close this file.

3. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, Petitioner is hereby **DENIED** a certificate of appealability because he cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may request issuance of a certificate of appealability from the Eleventh Circuit Court of Appeals. Finally, because Petitioner is not entitled to a certificate of

appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, on July 10, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copy to: Petitioner *pro se*