UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNETH MADDEN,

    Petitioner,

-vs-                                                          Case No. 8:15-cv-825-T-02AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Madden, a federal prisoner serving a life sentence in a federal penitentiary,[1] initiated this action by filing a Petition for Writ of Habeas Corpus ("petition") under 28 U.S.C. § 2254 challenging state convictions for trafficking in cocaine and possession of drug paraphernalia entered in 2007 by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1), and a memorandum of law in support (Dkt. 2). Respondent moves to dismiss the petition, arguing that the court is without jurisdiction to entertain the petition, and the petition is untimely (Dkt. 12). Mr. Madden opposes the motion (Dkt. 17). The court concludes that the petition must be dismissed for lack of subject matter jurisdiction.

## DISCUSSION

In *Green v. Price*, 439 Fed. Appx. 777 (11th Cir. 2011) (unpublished), the Eleventh Circuit Court of Appeals discussed the requirement that a petitioner be "in custody" at the time he files his § 2254 petition:

    A district court has jurisdiction to entertain a § 2254 petition only if the petitioner is

---

[1] See *United States v. Madden*, Case No. 8:11-cr-12-T-27AEP (M.D.Fla.), docket entry #192.

> "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Generally, if the petitioner's state sentence has fully expired, he does not meet the "in custody" requirement. *Id.* at 492, 109 S. Ct. at 1926.

*Id.* at 781-82.

At the time he filed his federal habeas petition on April 2, 2015, Mr. Madden was not "in custody" under the convictions he challenges, because the sentences for those convictions had fully expired. In January 2007, Mr. Madden pleaded guilty to trafficking in cocaine and possession of drug paraphernalia (Dkt. 14, Ex. 1). In March 2007, he was sentenced on the trafficking charge to 60 months in prison, suspended after 48 months, followed by one year probation, and to 364 days in county jail on the possession of paraphernalia charge, concurrent with the sentence on the trafficking charge (Id., Ex. 2). He was released from prison on February 20, 2010 (id., Ex. 9), and his probation was terminated on March 10, 2015 (Id., Ex. 4, p. 1; Dkt. 20-2, Ex. 10, docket p. 2). Accordingly, the court is without jurisdiction to entertain Mr. Madden's § 2254 petition. *See Maleng*, 490 U.S. at 492 (concluding that a petitioner whose sentence "has completely expired" is no longer "in custody" under that sentence).

Mr. Madden contends that he is in custody under the convictions because a detainer was lodged against him for those convictions (Dkt. 17, docket pp. 4-5). In support of this contention, he provides a document from the Federal Bureau of Prisons dated May 30, 2017, which indicates that a detainer was lodged against him on August 14, 2012, by the Hillsborough County Sheriff (Dkt. 17-1, p. 20).

"The Supreme Court has. . . held that a petitioner under a detainer placed on the petitioner

2

by a state [is] 'in custody' even though he [is] currently incarcerated pursuant to federal charges in a federal penitentiary *and his state sentence had yet to begin.*" *Ray v. Campbell*, 284 Fed. App'x 773, 774-75 (11th Cir. 2008) (citing *Maleng*, 490 U.S. at 493) (emphasis added). And the Court in *Maleng* "explained that the state's detainer ensured that, at the conclusion of the prisoner's federal sentence, he would be returned to state authorities *to begin serving his state sentence.*" *Ray*, 284 Fed. App'x at 775 (citing *Maleng*, 490 U.S. at 493). The circumstances in *Maleng* are distinguishable from those in Mr. Madden's case in that at the time the federal prisoner in *Maleng* filed his habeas petition he had not started to serve the state sentence upon which the State's detainer rested, while Mr. Madden had no state sentence left to serve at the time he filed his petition. The fact that the detainer lodged in 2012 against Mr. Madden had not been removed from the Bureau of Prison and Hillsborough County Sheriff's records before Mr. Madden filed his federal habeas petition did not render him "in custody" under the convictions he challenged, since the sentences upon which the detainer rested had fully expired.[2]

Accordingly, it is **ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** for lack of jurisdiction.

2. The **Clerk** is directed to close this file.

3. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, Mr. Madden is hereby **DENIED** a certificate of appealability because he cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

---

[2] The court notes that on July 28, 2017, the Hillsborough County Sheriff's Office sent a facsimile to the Federal Bureau of Prisons requesting the Bureau "release" the Sheriff's "hold" on Mr. Madden because his probation had been terminated in March 2017 (see Dkt. 20-2, pp. 2, 6).

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Petitioner may request issuance of a certificate of appealability from the Eleventh Circuit Court of Appeals. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, on _December 6_, 2018.

WILLIAM F. JUNG
United States District Judge

SA: sfc
Copies to: Petitioner *pro se*; Counsel of Record